UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYRELL WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17-cv-060-GCS |
| | ) | |
| DENNIS LARSON, | ) | |
| CAROL FAIRLESS, | ) | |
| COLE CARTER, | ) | |
| RON WHITE, and | ) | |
| ADAM HENDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

SISON, Magistrate Judge:

Following two trials in this action, Magistrate Judge Stephen C. Williams entered an order for sanctions pursuant to Federal Rule of Civil Procedure 37. Judge Williams found that Defendants and their attorneys and agents engaged in a course of discovery violations characterized as prejudicial and that resulted in Plaintiff being given misleading and incomplete information before trial. Before the Court is a motion for reconsideration filed by Defendants asking the undersigned to reverse the order for sanctions entered by Judge Williams on December 3, 2018. For the reasons delineated below, Defendants' motion is denied.

Defendants seek relief pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits the Court, in its discretion, to provide relief from a final judgment, order or proceeding for various enumerated reasons. Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens*

*v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983)(internal quotations omitted). There are six grounds for relief from a final judgment, order or proceeding based on Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. PROC. 60(b).

The issue for Defendants is that they seek relief from a sanctions order that is not a portion of the final judgment or order in this action, and there is a motion for new trial still pending before the Court. As such, relief is not available to them under Rule 60(b) at this time.

Even if relief were available to Defendants under Rule 60(b), Defendants seek relief under Rule 60(b)(6)'s catchall provision, which provides relief only in "extraordinary circumstances." *See Buck v. Davis*, 137 S.Ct. 759, 777-778 (2017)(citation omitted). A wide range of factors may be considered in determining whether extraordinary circumstances warranting relief exist, but the Court need not delve into them as Defendants raise no developed argument that such circumstances

exist here. Defendants' motion raises run-of-the-mill arguments, largely similar to those raised before the Order was entered, asking the Court to reverse course. Rule 60(b), however, is not an opportunity for attorneys to take mulligans or rehash previously rejected or forgotten arguments. *See Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *United Central Bank v. KMWC 845*, 800 F.3d 307, 310 (7th Cir. 2015); *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009).

Having reviewed Judge Williams's order imposing sanctions and the briefs submitted on the question of reconsideration, the undersigned is left with the firm belief that no extraordinary circumstances requiring relief under Rule 60(b)(6) exist here. As such, Defendants' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 26, 2019.

GILBERT C. SISON
United States Magistrate Judge