UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| TYRELL WATKINS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 3:17-cv-00060-GCS |
| CAROL FAIRLESS, TRACIE STANFORD, ADAM HENDERSON, and RON WHITE, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM & ORDER

SISON, Magistrate Judge:

Plaintiff Tyrell Watkins suffered a testicular torsion and eventually lost his testicle while he was incarcerated at Vienna Correctional Center in May 2015. He filed suit, pursuant to 42 U.S.C. § 1983, against a number of employees of Wexford Health Sources, Inc. and of the Illinois Department of Corrections alleging they were deliberately indifferent to his serious medical need in violation of his Eighth Amendment rights. Following discovery and dispositive motion rulings, this case proceeded to trial in June 2018 against Defendants Larson, Carter, Henderson, White, Fairless and Stanford. The trial resulted in a mistrial, as the jury deadlocked with one juror voting for Plaintiff and the remaining seven voting for Defendants. The information regarding the breakdown of the jurors' votes came out after the Court declared a mistrial.

Days before the case could be re-tried in November 2018, one defendant, Cole Carter, was dismissed from the action when he produced records showing he was not working on the days that the events in Watkins's complaint occurred. This disclosure set off a string of events that led then-presiding judge, Magistrate Judge Stephen C. Williams, to conclude that Defendants committed various discovery violations, including producing incomplete and misleading records to Plaintiff. The Court decided, as a result of Defendants' actions, to give instructions about adverse inferences to the jury at trial. Additionally, Judge Williams limited and prohibited testimony and various evidence from being presented at trial.

The second trial proceeded against Defendants Carol Fairless, Tracie Stanford, Adam Henderson and Ron White. After the close of all the evidence, both parties orally moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The Court granted Defendants' motion as to Defendant Stanford, finding a clear absence of evidence that she was personally involved in the events alleged by Watkins. Defendants' motion was denied as to Defendants Fairless, Henderson and White. Plaintiff's motion as to Defendants Henderson and White was denied as well. The jury began deliberating at 9:00 a.m. on November 16, 2018, and returned a unanimous verdict in favor of Defendants Fairless, Henderson and White at 10:51 a.m. (Docs. 181, 190).

Now before the Court is a renewed motion for judgment as a matter of law and a motion for new trial filed by Plaintiff Tyrell Watkins. Rule 50 allows a district court to enter judgment against a party who has been fully heard on an issue during a jury

trial if a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(b). In weighing a Rule 50 motion, the "court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012)(citing *Tart v. Illinois Power Co.*, 366 F.3d 461, 464 (7th Cir. 2004)).

The Court must not "make credibility determinations or weigh the evidence." *Passananti*, 689 F.3d at 659 (citing *Waite v. Board of Trustees of Illinois Comm. College Dist. No. 508*, 408 F.3d 339, 343 (7th Cir. 2005)). Additionally, "the court 'must disregard all evidence favorable to the moving party that the jury [was] not required to believe.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-151 (2000)). "Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." Fed. R. Civ. P. 50(b), comm. note (2006 amend.).

Plaintiff argues that no reasonable juror could find, based on the facts of this case, that Defendants White and Henderson were not deliberately indifferent to his serious medical needs. In order to prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The first consideration is whether the prisoner has an "objectively serious medical condition." *Arnett*, 658 F.3d at 750. *Accord Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "A medical condition is objectively serious if a physician has

diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Hammond v. Rector*, 123 F. Supp. 3d 1076, 1084 (S.D. Ill. 2015)(citing *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir.2014)). Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *Greeno*, 414 F.3d at 653. Even accepting that a reasonable juror would conclude that Watkins' testicular torsion, which led to him losing a testicle, was an objectively serious medical need, the evidence presented at trial could allow a reasonable juror to conclude that Defendants were not deliberately indifferent to that need.

Plaintiff points to certain stipulations that were read to the jury at trial. Defendants concede that each of the stipulations helped Plaintiff and hurt their case. The parties stipulated that on May 3, 2015, Watkins reported his testicular pain to Henderson and White, but Watkins was not taken to the healthcare unit that day. In essence, the parties stipulated that Defendants Henderson and White knew of Watkins's pain on May 3, 2015. Watkins was not seen by the healthcare unit for five days. However, it was entirely a question of fact and thus in the jury's hands to determine if Defendants disregarded an excessive risk to Watkins and what role the Defendants played in the delay in his care.

The evidence in the record could properly support the verdict returned by the jury, particularly in light of Judge Williams's pretrial decisions regarding the admission of certain evidence and giving an adverse inference to the jury, which helped Plaintiff's case. While it took five days for Watkins to receive treatment, a

reasonable juror still could conclude that Defendants' role in that delay was limited and did not amount to reckless disregard of a serious risk to Watkins for a variety of reasons. As such, the undersigned will not set aside the jury's verdict in this action.

Watkins also seeks a new trial based on Defendants' discovery violations for which they have been sanctioned. In a single sentence, Watkins argues that Defendants' discovery violations warrant a new trial. It is unclear whether Watkins moves under Rule 50 or under another provision of the Federal Rules of Civil Procedure. Nonetheless, Judge Williams previously determined that the discovery violations should be addressed under Rule 37. Additionally, there is no evidence that the jury was presented with inaccurate or misleading evidence favoring Defendants that weighs in favor of granting Watkins a new trial.

For all these reasons, Watkins's renewed motion for judgment as a matter of law and for a new trial based on discovery violations is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 26, 2019.

_____
GILBERT C. SISON
United States Magistrate Judge